UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-80081-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

ANA BEATRIZ HERNANDEZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the undersigned Assistant United States Attorney (hereinafter referred to as "this Office"), and Ana Beatriz Hernandez (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to the Information. The Information charges that the Defendant knowingly possessed an identification document not issued lawfully for her use and an authentication feature that was obtained through the use of false statements with the intent that such identification document and authentication feature be used to defraud the United States; in violation of 18 U.S.C. § 1028(a)(4), (b)(6).

2. The Defendant acknowledges that she has read the charge against her contained in the Information and that the charge has been fully explained to her by her attorney.

3. In consideration of the undertakings contained herein, this Office agrees that it will not pursue any additional charges related to the defendant's involvement in criminal activity in the Southern District of Florida that was the subject of this Office's investigation bearing USAO Numbers 2017R01152, 2022R00712, and 2022R00713.

4. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The Defendant also understands and acknowledges that, as to the charge contained in the Information, the Court may impose a statutory maximum term of imprisonment of up to one (1) year. In addition to any term of imprisonment, the Court may also impose a period of supervised release of up to one (1) year to commence at the conclusion of the period of imprisonment. Alternatively, the Court may impose a term of probation not to exceed five (5)

years. In addition to a term of imprisonment and supervised release or a term of probation, the Court may impose a fine of up to $100,000.

6. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph five (5) of this agreement, a special assessment of $25 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Defendant understands and acknowledges that, if she is placed on probation, and she were to violate a condition of her probation, the Court could revoke her probation and re-sentence her to a term of imprisonment followed by a term of supervised release, or could continue her probation with or without modifying the conditions, or could impose a new term of probation. The Defendant understands and acknowledges that, if she is placed on supervised release and she were to violate the terms of supervised release, the Court could revoke her supervised release and sentence her to a term of imprisonment followed by a term of supervised release, or could continue her supervision with or without modifying the conditions.

8. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. Provided that the Defendant commits no new criminal offenses and provided that she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, this Office agrees that it will recommend at sentencing that

the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court, subject to the additional recommendations set forth in paragraph 15. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In

addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence. The defendant further understands and acknowledges that she has already received a substantial benefit in this case, as set forth in paragraph (3) of this Agreement.

12. As part of her cooperation, the defendant agrees to cooperate in the collection of restitution and the transfer of property subject to forfeiture in her role as managing member of Accelogic LLC and Intellectual Property Systems, LLC. This includes fully cooperating with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets,

including real and personal property, cash and other monetary instruments, wherever located, which Accelogic LLC, Intellectual Property Systems, LLC, or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement (as managing member of the entities) to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

13. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

14. The Defendant admits and acknowledges that the following facts are true and that this Office could prove them at trial beyond a reasonable doubt:

    a. On or about June 24, 2013, the Defendant applied for and obtained an identification document not issued lawfully for her use, that is, a Florida driver's license in her own name bearing an address where the Defendant did not reside or intend to reside.

    b. When applying for the license, the Defendant presented false documents bearing her name and the false address to obtain a "REAL ID" compliant Florida driver's license, which contains an "authentication feature," that would allow her to travel through

Transportation Security Administration (TSA) checkpoints at U.S. airports and board commercial aircraft.

c. Pursuant to federal law, TSA officers are charged with the security of transportation systems within and connecting to the United States, and, pursuant to the REAL ID Act, they are prohibited from accepting a driver's license or identification card for an official purpose, which is defined to include boarding federally-regulated commercial aircraft, unless it is REAL ID-compliant. To be REAL ID-compliant, the driver's license must include the person's address of principal residence, and the state issuing the identification card must require presentation and verification of documentation showing the applicant's name and address of principal residence.

d. The Defendant possessed the driver's license with the fraudulent address from the time it was issued in June 2013 until at least July 2017. During that time, the Defendant intended to use and present the driver's license bearing the false address at TSA checkpoints for travel and did so with the intent to defraud or mislead the United States or an officer or employee thereof carrying out his/her official duties.

15. Although not binding on the Probation Office or the Court, this Office and the Defendant further agree that:

a. if the Defendant's applicable guideline range is in Zone A of the Sentencing Table, they will jointly recommend that the Court impose a sentence of probation;

b. if the Defendant's applicable guideline range is in Zone B of the Sentencing Table, they will jointly recommend that the Court impose a sentence of probation that includes a condition that substitutes home detention for imprisonment at the low-end of the imprisonment range.

16. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

17. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office, or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph four (4) above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by both the Defendant and this Office.

18. The Defendant is aware that Title 18, United States Code, Section 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the Sentencing Guidelines range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the right of this Office and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b); however, if this Office appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The Defendant further agrees, together with this Office, to request that the District Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. The Defendant agrees that if she fails to comply with any of the provisions of this Agreement, makes false or misleading statements before the Court or to any agents of this Office, commits any further crimes, or attempts to withdraw the plea, this Office will have the right to characterize such conduct as a breach of this agreement. In the event of such a breach: (a) this Office will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure); (b)

9

the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes that she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and this Office will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding, any information, statements, and materials provided by the Defendant, including any factual proffers, in-court testimony, or interviews. The defendant further waives any claim that such prosecution is time-barred where the statute of limitations – as extended by the parties' Sixth Extension of Statute of Limitations Tolling Agreement – has expired between the signing of this agreement and the commencement of any such prosecution.

20. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 6/22/2022

A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

Date: 6/22/2022

ANA BEATRIZ HERNANDEZ
DEFENDANT

Date: 6/22/2022

TAMA BETH KUDMAN, ESQ.
COUNSEL FOR DEFENDANT