UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80081-CR-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

ANA BEATRIZ HERNANDEZ,

    Defendant.
_____/

## UNITED STATES' OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND RESPONSE TO DEFENDANTS' OBJECTIONS

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and hereby files these Objections to the Presentence Investigation Report (PSI) and its Response to Objections filed by the Defendant, Ana Beatriz Hernandez (DE19). Most of the government's factual objections relate to statements regarding Accelogic LLC and Intellectual Property Systems, LLC ("Intellep").  To be clear, Ms. Hernandez was not charged with the fraud perpetrated by those companies and her husband and should not be held responsible for those crimes.   However, since the facts are included as part of Ms. Hernandez's employment, and since Ms. Hernandez has filed an objection to one of the facts, the PSI should be amended to correct errors in those paragraphs.  In addition, it is the government's view that the incorrect sentencing guideline was applied and asks the Probation Office to make that correction.

### Government's Objections

Page 2 of the PSI should be amended to add the following related cases:  *United States v. Accelogic, LLC, et al.*, 22-CR-80080-AMC, and *United States v. Juan Guillermo Gonzalez*, 22-CR-60101-AMC.  As noted in defendant Hernandez's plea agreement, as well as all the plea

agreements in those two cases, the cases all arose from the U.S. Attorney's Office's investigations bearing USAO Numbers 2017R01152, 2022R00712, and 2022R00713. (*See* DE 12, ¶ 3.) Paragraph 12 of defendant Hernandez's plea agreement further states that Ms. Hernandez agreed to cooperate in the collection of restitution and the transfer of property subject to forfeiture in her role as managing member of Accelogic LLC and Intellectual Property Systems, LLC. (*Id.* at ¶ 12.)

Paragraph 22 should be corrected to show a Base Offense Level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2). Section 2B1.1 is specifically listed in the offense chart as one of the applicable guidelines for a violation of 18 U.S.C. § 1028. Section 2L2.2 does not apply because defendant Hernandez pled guilty to fraudulently obtaining a REAL ID-compliant driver's license, not a document related to "naturalization, citizenship, or legal resident status" or a "United States Passport."

Paragraph 23 should be corrected to show the application of U.S.S.G. § 2B1.1(b)(11), which applies if the "offense involved (A) the possession or use of any . . . (ii) authentication feature." As noted in the defendant's factual proffer, the REAL ID-compliant driver's license contained an "authentication feature" that would allow the defendant to travel through TSA checkpoints at U.S. airports and board commercial aircraft. (DE 12 at ¶ 14(b).) With the application of that enhancement, Ms. Hernandez's adjusted offense level is 12 in paragraphs 23, and 27.

Paragraph 30 should be amended to show a Total Offense Level of 10.

Paragraph 59 states that "Hernandez and Gonzalez provided verification that they invested a total of $2,789,554.94 in Accelogic from Intellep from income received by them for work performed at Accelogic on government contracts." The United States objects to this

characterization of the movement of funds that Accelogic received from government contracts that were obtained through fraud.  The proposals that Accelogic submitted to procure the contracts stated that the numerous world-renowned experts would work on the projects, along with multiple non-existent Accelogic employees.  Since none of those experts or employees were paid, there were significant excess funds that were paid to Hernandez and Gonzalez as "salaries" and profits into their personal bank accounts.  To obtain additional government contracts, Accelogic needed to show an ability to commercialize its products using non-government funds, so Accelogic stated that millions of dollars would be "invested" by its "parent company," Intellep (Intellectual Property Systems, LLC).[1]  Hernandez and Gonzalez then took the excess funds that Accelogic had paid to them, transferred them directly or indirectly from their personal bank accounts into the Intellep bank accounts, and then transferred the funds from Intellep's bank accounts into Accelogic's bank accounts.  Those "investments," which were characterized for tax purposes as "loans," were then used to fund Accelogic, including paying salaries to Hernandez and Gonzalez.

While paragraph 63 discusses the purpose of Accelogic's formation, it should be noted that Accelogic has not commercialized any of its inventions, so there is no private "industry" that is seeing these "huge impacts[,] . . . including savings in the operational costs of both hardware and software."  The last sentence of paragraph 63 should be stricken as there is no evidence that Accelogic's work will enable any such discoveries.

Paragraph 64 also overstates Accelogic's business prowess.  First, Accelogic did not "discover" compressive computing.  Compressive computing, which, in its simplest terms, is using data compression to reduce the size of a computer file to aid in more rapid data transfer, has

---

[1] Intellep was not actually Accelogic's "parent company."  As noted in paragraph 59, Hernandez and Gonzalez each own 47% of Accelogic, and Intellep owns 6%.  Intellep is wholly owned by Gonzalez and Hernandez.

been in existence since at least the 1970's. Accelogic and others have tried to improve lossless data compression, such that a decompression function can restore the original file exactly with no loss of data, or to determine how much data can be "lost" without a loss of functionality. Second, "many inventions" is undefined. Accelogic completed some of the government contracts that it received and did not complete others. Of those that were completed, some of Accelogic's work was used by the government and other work was not. None of the "inventions" has been commercialized in the private sector. As of today's date, the U.S. Patent and Trademark Office has issued only 4 patents to Accelogic, although there may be additional applications pending.

Paragraph 65 again is purely aspirational and is not a statement of fact. Since at least as early as 2005, Accelogic has been telling government agencies of its plans to commercialize its product. It has yet to actually do so.

Paragraph 77 states that "Intellep provided the resources to explore new business ideas or support the growth of Hernandez's and Gonzalez's business." This mischaracterizes how Intellep was funded, and the United States refers to its objection to paragraph 59, *supra*.

Paragraph 96 should be amended to show a guideline range of 6-12 months' imprisonment, which is in Zone B.

Paragraph 97 should be amended to state that the Plea Agreement provides that, if the Defendant's applicable guideline range is in Zone B, the parties will jointly recommend that the Court impose a sentence of probation that includes a condition that substitutes home detention for imprisonment at the low-end of the guideline imprisonment range. (DE 12 at ¶ 15(b).)

Paragraph 102 should be amended to state that, since the applicable guideline range is in Zone B of the Sentencing Table, a term of probation with a condition requiring a period of

community confinement, home detention, or intermittent confinement may be substituted for the term of imprisonment.

## RESPONSE TO DEFENDANT'S OBJECTIONS

The United States has no opposition to Defendant Hernandez's objections to paragraphs 17, 39, and 41 of the PSI.

For the reasons stated in its own Objections, the United States opposes Defendant Hernandez's objection to paragraph 59 of the PSI.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court adopt the government's objections to the PSI and overrule the defendants' objection to paragraph 59.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *s/A. Marie Villafaña*
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax:  (561) 820-8777
Ann.Marie.Villafana@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2022, I electronically filed the foregoing document with the Clerk of the Court and served the document upon counsel for the defendant and the U.S. Probation Office using CM/ECF.

*s/A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney