UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-CR-80081-WPD-1

UNITED STATES OF AMERICA

    Plaintiff,

v.

ANA BEATRIZ HERNANDEZ,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND REPLY TO THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTIONS**

COMES NOW the Defendant, ANA BEATRIZ HERNANDEZ and respectfully responds to the Government's objections to her Presentence Investigation Report ("PSR") and further responds to the Government's Reply to the Defendant's Objections to the PSR (DE 20, hereinafter referred to as "Govts Objections"). Both the Government and Defendant agree that the investigations that led to the charges in related cases *United States v. Accelogic, LLC, et al.*, 22-CR-80080-AMC, and *United States v. Juan Guillermo Gonzalez*, 22- CR-60101-AMC also led to the instant case against Mrs. Hernandez. But the mere fact that Mrs. Hernandez's offense was discovered during the course of the Government's investigation into her husband and Accelogic's activities does not mean that the two offenses are "related". Indeed, as the government notes, "**Ms. Hernandez *was not charged* with the fraud perpetrated by those companies and her husband and should not be held responsible for those crimes.**" (Govts. Objections at 1)   Accordingly, the Government's requests that ¶¶59, 62 and 63, 64, 65, 77 of Mrs. Hernandez's PSR be amended to reflect the facts and arguments submitted by the Government regarding the fraud involved in

the allegedly "related cases" is improper and should be denied.  None of these averments should be considered by the Court regarding Mrs. Hernandez, and all descriptive information regarding the companies should be stricken from her PSR to avoid this irrelevant and inflammatory issue.

Further, the Defendant agrees that this is not an immigration fraud case.  The fraud guidelines, as detailed by the Government, appear to apply in this case.  Accordingly, Mrs. Hernandez agrees that Paragraphs 22, 23, 30, 96, 97, and 102 should be amended as suggested by the Government.

### I.    The PSR Should not be Amended to Incorporate the Government's Factual Objections to ¶¶ 59, 63, 64, 65, and 77

The Government's factual objections pertain to Mrs. Hernandez's employment history, which necessarily details her ownership interest in Accelogic and Intellep, both of which are the subject of the fraud alleged in the "related cases".  The PSR necessarily contains a general description of these companies and their finances since they relate to Mrs. Hernandez's finances.  Her doing so is not a comment on these cases and should not provide a basis for the Government to inject those cases into the Court's analysis of this case.  This would, by its very nature, be prejudicial to Mrs. Hernandez.

¶59 of the PSR was clarified by Mrs. Hernandez to assure that the money flow into Accelogic was accurately reported to the Court.  Mrs. Hernandez takes no position with respect to the nature of the funds and refers the Court to the pleadings in the "related cases" regarding those factual issues.  Mrs. Hernandez is not a party to the related cases and is not in position to litigate these issues which are, per the Government, *irrelevant* to the allegations against her herein. *Id*. As such, these allegations should not be part of Mrs. Hernandez's PSR.  The PSR is otherwise accurate and should not be changed, except to clarify that *at least the amount reported* was invested into Accelogic, to cover any additional monies of which Mrs. Hernandez is not aware.

The same is true regarding the Government's objections to ¶¶ 63, 64, 65, and 77 of the PSR.  These paragraphs of the PSR are appropriate, as is, to describe the nature of the companies held in Mrs. Hernandez's name.  These paragraphs contain appropriate bare-bones descriptions of the purpose of the companies and the general nature of their work, ***which is the only relevant inquiry in this PSR***.  The Government's attack on these companies is misplaced here and are merely inflammatory.  These arguments are irrelevant to the crime charged **in this case.**

However, to resolve this dispute, Mrs. Hernandez would agree to have all descriptive information regarding the companies stricken from her PSR.  This would be a common-sense approach to resolving this issue and to avoid the prejudice attendant to the Government's averments.

## CONCLUSION

Defendant Hernandez respectfully requests that the Objections of the parties to the Presentence Investigation Report be resolved as suggested above and in Mrs. Hernandez's original pleading.

Dated:  August 23, 2022          Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
Tama Beth Kudman, Esq.
7108 Fairway Drive, Suite 130
Palm Beach Gardens, Florida 33418
Tel: (561) 472-0811; Facsimile: (561) 828-0210

By: /s/ Tama Kudman
    Florida Bar No. 637432
    tbk@pietragallo.com

*Attorneys for Defendant Ana Beatriz Hernandez*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed electronically via CM/ECF and furnished electronically to all counsel of record on August 23, 2022.

By: /s/ Tama Kudman